**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CONSTANTINO CEJAS**,

                **Petitioner,**

**v.**

                   **Civil No.: 3:19-CV-18
(GROH)**

**F. ENTZEL, Warden,**

                **Respondent.**

## REPORT AND RECOMMENDATION[1]

### I.   INTRODUCTION

On February 11, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is currently housed at Hazelton FCI, with a projected release date of May 25, 2046.[2]  Petitioner is challenging the validity of his sentence, imposed in the United States District Court for the Southern District of Indiana, in case number 2:11-CR-37.  ECF No. 1 at 2.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] Unless otherwise noted, ECF citations refer to the instant case, No. 3:19-CV-18.

[2] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

## II.    FACTUAL AND PROCEDURAL HISTORY[3]

### A. Conviction and Sentence

On December 28, 2011, Petitioner was charged in a multi-defendant Indictment in the Southern District of Indiana in case number 2:11-CR-0037.  In Count 1, Petitioner was charged with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Counts 2 and 4 charged Petitioner with possession with intent to distribute 50 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.  Counts 3 and 5 charged Petitioner with possession of firearm(s) in furtherance of the drug trafficking crimes specified in Counts 2 and 4, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. Count 6 charged Petitioner with one count of possession of a firearm by an alien illegally and unlawfully in the United States.

On July 30, 2012, Petitioner entered a plea of guilty to Count 6 of the indictment and admitted that he was an illegal alien in the United States and that he knowingly possessed a firearm which traveled in interstate commerce.  ECF No. 177.  Following his jury trial and conviction on the five remaining counts of the indictment, Petitioner was sentenced to an aggregate sentence of 480 months of imprisonment, comprised of: 120 months as to Counts 1, 2, 4 and 6, all of which were to be served concurrently with one another; 60 months as to

---

[3] All CM/ECF references in this Facts sections II.A and II.C., unless otherwise noted, refer to entries in the docket of Criminal Action No. 2:11-CR-37, Southern District of Indiana, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Count 3 which was to be served consecutively to the sentences for Counts 1, 2, 4, and 6; and 300 months as to Count 5 which was to be served consecutively to all other counts.   ECF Nos. 81, 109 at 2 – 3.   The 300-month sentence was imposed pursuant to the mandate of 18 U.S.C. § 924(c)(1)(C), which provides that, "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall [ ] be sentenced to a term of imprisonment of not less than 25 years."

**B. Direct Appeal**

Petitioner appealed his conviction to the Seventh Circuit Court of Appeals in that court's docket 12-3896.[4]   The Seventh Circuit affirmed Petitioner's conviction by order entered August 1, 2014.   United States v. Cejas, 761 F.3d 717 (7th Cir. 2014).

**C. Post-Conviction Relief – Other Petitions and Motions**

On October 28, 2015, Petitioner filed a motion to vacate, set aside, or correct sentence relief pursuant to 28 U.S.C. § 2255.[5]   ECF No. 162.   Petitioner argued ineffective assistance of counsel and sought to have his convictions and sentences vacated as to Counts 3 and 5 of the indictment.   His petition was decided on the merits and dismissed with prejudice by order entered April 25, 2017.  ECF No. 197.

Petitioner filed a motion for adjustment of sentence which was processed as a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §

---

[4]   Petitioner's case was consolidated with the case of his co-defendant and brother, Nicholas Cejas, 13-1034.   United States v. Cejas, 761 F.3d 717 (7th Cir. 2014).

[5]   That motion served as the basis to open a separate civil action, 2:15-CV-339, in the Southern District of Indiana.

2255.[6]  As support for the motion, Petitioner cited to <u>United States v. Holloway</u>, 68 F.Supp.3d 310 (E.D.N.Y. 2014) and Section 403 of the First Step Act of 2018.  On October 28, 2019, the court dismissed that action as an unauthorized second or successive § 225 motion, and denied Petitioner a certificate of appealability.  ECF No. 210.

### D.    Instant § 2241 Petition

On February 11, 2019, Petitioner submitted the instant petition for habeas corpus challenging his conviction and sentence.  ECF No. 1.  In support of his § 2241 petition before this Court, Petitioner states a single ground for relief.  <u>Id.</u> at 5.  Petitioner alleges that his previously imposed 924(c) sentence is improper under the terms of the First Step Act of 2018.  <u>Id.</u>  For relief, Petitioner requests the Court vacate his "second conviction and [his 300 month] sentence be vacated under § 924(c)".  <u>Id.</u> at 8.

Respondent filed a motion to dismiss for lack of jurisdiction and memorandum in support thereof on June 21, 2019.  ECF Nos. 12, 13.  Respondent argues that Petitioner is not entitled to relief because: (1) he cannot meet the savings clause of 28 U.S.C. § 2255(e) as articulated in <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018); and (2) on its face, the First Step Act, is not retroactive and does not apply to Petitioner's sentence.  ECF No. 13.

On July 8, 2019, Petitioner filed a response which argues that the holdings of <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (2019) (regarding the "knowing" element of 18 U.S.C. § 922(g)) and United States v. Davis, 139 S.Ct. 2319 (2019) (invalidating the residual clause of 18 U.S.C. § 924(c) related to the definition of "violent felony") merit

---

[6]  That motion served as the basis to open a separate civil action, 2:19-CV-484, in the Southern District of Indiana.

the relief he seeks.  ECF No. 16.  Respondent's reply filed July 22, 2019, addresses Petitioner's arguments as to both Rehaif and Davis, distinguishes both cases from Petitioner's case, and argues that Petitioner ignores the plain language of § 403 of the First Step Act.  ECF No. 17.

### III.    LEGAL STANDARDS

#### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is

without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

(1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.


### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences

are generally required to proceed under § 2255 in the District Court of conviction.  By

contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended

to address the execution of a sentence, rather than its validity, and is to be filed in the

district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek

relief from such things as the administration of his parole, computation of his sentence

by parole officials, disciplinary actions taken against him, the type of detention, and

prison conditions in the facility where he is incarcerated."  Adams v. United States, 372

F.3d 132, 135 (2d Cir. 2004).

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.     The date on which the judgment of conviction becomes final;

    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  <u>See</u> <u>Wheeler</u>, 886 F.3d at 423–26.

## IV.    ANALYSIS

### A.    Petitioner's Challenge to His Conviction

In Petitioner's challenge to his conviction, § 2241 relief is unavailable.  Even if Petitioner could satisfy the first and third prongs of the <u>Jones</u> test, he cannot meet the requirements of the second prong.

The second prong of the <u>Jones</u> test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  <u>In re Jones</u>, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the <u>Jones</u> test because the federal crimes for which he was convicted—conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine (mixture), possession of firearm(s) in furtherance of a drug trafficking crime, and possession of a firearm by an alien illegally and unlawfully in the United States—remain criminal offenses.  Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

### B.    Petitioner's Challenge to His Sentence

Petitioner claims that the First Step Act of 2018 invalidates his sentence imposed in 2013.   ECF No. 1 at 5.   To the extent that Petitioner relies on <u>United States v. Wheeler</u>, 886 F.3d 415, (4th Cir. 2018), to seek relief under the savings clause of 28 U.S.C. § 2255(e), his request is without merit.   In order for Petitioner to successfully challenge his sentence and obtain relief under § 2241, he must satisfy all four prongs of the <u>Wheeler</u> test.   However, Petitioner fails to meet the second prong of the <u>Wheeler</u> test, which prong has two clauses.   First, the substantive law must change, and second, that change must be deemed to apply retroactively on collateral review.   Petitioner alleges that the substantive law has changed through the First Step Act.   However, even assuming the accuracy of his assertion, he cannot demonstrate that the change in the law is deemed to apply retroactively on collateral review.   As Respondent argues, § 403 of the First Step Act applies only prospectively, not retrospectively:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194.   The First Step Act was enacted in 2018.   Petitioner was sentenced five years previously in 2013. Because Petitioner's sentence had already been imposed as of the date of enactment of the First Step Act, Petitioner is not entitled to relief under the Act, which is prospective only.   Therefore, Petitioner fails to satisfy the second clause of the second prong of the <u>Wheeler</u> test, which requires that any change in the law be made retroactive to cases on collateral review.

Because Petitioner cannot satisfy one prong of the mandatory four-part <u>Wheeler</u> test, it is unnecessary for this Court to consider the other three prongs.

In summary, because Petitioner cannot meet the second prong of the <u>Jones</u> test, he cannot satisfy the savings clause of § 2255(e) to challenge his conviction under § 2241.   Similarly, because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, because he fails to meet the second prong of the <u>Wheeler</u> test, a challenge to his sentence may not be considered under § 2241.  Accordingly, this Court its without jurisdiction to hear his challenge to either his conviction or sentence under § 2241.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Respondent's motion to dismiss for lack of jurisdiction [ECF No. 12] be **GRANTED.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20)

handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      November 6, 2019


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE