# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CONSTANTINO CEJAS,**

    Petitioner,

v.                                     **CIVIL ACTION NO.: 3:19-CV-18 (GROH)**

**F. ENTZEL, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 25] on November 6, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice and Respondent's motion to dismiss for lack of jurisdiction [ECF No. 12] be granted.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on November 8, 2019. ECF No. 26. The Petitioner filed his objections on November 19, 2019. ECF No. 27. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On February 11, 2019, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, the Petitioner challenges the validity of his conviction and 300-month sentence imposed in the Southern District of Indiana, Criminal Action No. 2:11-CR-37, pursuant to 18 U.S.C. § 924(c)(1)(C). In support, the Petitioner avers that he is entitled to relief because his conviction and sentence are improper under the terms of the First Step Act of 2018. Id. at 5.

In response, Respondent filed a motion to dismiss for lack of jurisdiction [ECF No. 12] on June 21, 2019. In support, the Respondent avers that Petitioner fails to demonstrate that 28 U.S.C. § 2255 is "inadequate and ineffective" to challenge the legality of his sentence and that Section 403 of the First Step Act is not retroactive. Id. at 5 & 9. On July 8, 2019, the Petitioner filed a response in opposition [ECF No. 16], arguing that the Supreme Court's holdings in Rehaif v. United States, 139 S. Ct. 2191 (2019) and United States v. Davis, 139 S. Ct. 2319 (2019) are on point and warrant relief in this matter. Respondent's reply, filed on July 22, 2019, however, notes that Rehaif and Davis

do not address the language of Section 403 of the First Step Act, let alone provide support that Section 403 should be applied retroactively.

### III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with." Id. at 425.

Similarly, the Fourth Circuit has recognized that § 2255 is inadequate and

ineffective to test the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and,
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under Jones, a prisoner is may pursue § 2241 relief only if he was denied an opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). However, if the prisoner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such change," then a § 2241 motion is not an available course of action. Id.

## IV. Analysis

In this case, Magistrate Judge Trumble found that the Petitioner was not entitled to § 2241 for his conviction and sentence. In reviewing the Petitioner's challenge to his conviction, Judge Trumble found the Petitioner unable to satisfy the second prong of the Jones test because the federal crimes for which he was convicted remain criminal offenses. Likewise, Judge Trumble found the Petitioner unable to satisfy the second prong of the Wheeler test because the Petitioner's sentence was imposed prior to enactment of the First Step Act, which does not apply retroactively as required under Wheeler.

In his objections, the Petitioner essentially agrees with Judge Trumble's report and

4

recommendation by acknowledging that "the First Step Act is not retroactive." ECF No. 27 at 1. Rather than making any specific objections, the Petitioner requests that the Court consider his arguments under Rehaif in his pending § 2241 motion for purposes of judicial efficiency. The Petitioner avers that the holding in Rehaif satisfies the Jones and Wheeler, and therefore supports challenging the legality of his conviction and sentence. Even if the Court were to consider this argument, the holding in Rehaif is not applicable here. The Government did not have to prove that the Petitioner "knew he possessed a firearm and that he knew he belonged to the relevant category of person barred from possessing a firearm," as specified in Rehaif, because the Petitioner plead guilty to Count 6, in violation of 18 U.S.C. § 922(g)(5), of the indictment. See Criminal Action No. 2:11-CR-37 ECF No. 69. Furthermore, the Petitioner seeks relief from a conviction and sentence imposed pursuant to 18 U.S.C. § 924(c)(1)(C), not 18 U.S.C. § 922(g). Accordingly, the Petitioner's objections are overruled.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 25] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Respondent's Motion to Dismiss for Lack of Jurisdiction [ECF No. 12] is hereby **GRANTED**, and the Petitioner's § 2241 Petition [ECF No. 1] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** December 10, 2019

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE